**FILED & ENTERED**

**OCT 05 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** Fisher    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Tul Investments, Inc.<br><br>                                Debtor(s). | Case No.: 1:16-bk-12869-MT<br><br>CHAPTER 11<br><br>**ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE AND FILING OF MONTHLY REPORTS**<br><br>Date:        December 1, 2016<br>Time:        9:30 a.m.<br>Courtroom:   302 |

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. §105(d), the Court will conduct a status conference in the above-referenced case at the date and time set forth above, in Courtroom 302 of the U.S. Bankruptcy Court, 21041 Burbank Blvd, Woodland Hills, CA 91367.

**PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence presented at the status conference, the Court may take any of the following actions at the status conference (or at any continued hearing) without further notice:

1. Dismiss the case;
2. Convert the case to another chapter;
3. Order appointment of a chapter 11 trustee or an examiner;
4. Establish deadlines for filing claims, requests for payment of administrative expenses, and/or objections to claims;
5. Set deadlines for filing of a proposed plan and disclosure statement by the Debtor or any other interested party;
6. Set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the Debtor or any other interested party;

7. Fix the scope and format of the notice to be provided regarding the hearing on the approval of the disclosure statement;
8. Provide that the hearing on the approval of the disclosure statement may be combined with the hearing on the confirmation of the plan;
9. Set a deadline for confirmation of a plan;
10. Set deadlines for compliance with reporting and other chapter 11 debtor-in-possession requirements;
11. Set deadlines for assuming or rejecting executory contracts or unexpired leases; and/or
12. Refer matters to mediation.

**IT IS ALSO HEREBY ORDERED** as follows:

1. The Debtor(s) or its principal officer, and the Debtor's counsel, shall personally appear in person at the status conference.

2. The debtor-in-possession (or the Chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or the twenty (20) largest creditors, if no committee has been appointed), and any parties that have requested special notice in the case, no later than twenty-four (24) days prior to the date scheduled for the status conference;

3. The debtor-in-possession (or the chapter 11 trustee, if one has been appointed) shall file with the Court and serve on the parties identified in the preceding paragraph no later than fourteen (14) days prior to the status conference date a written status report that includes the following information:
    a. Brief description of the Debtor's business, if any, and the principal assets and liabilities of the estate.
    b. Brief answer to these questions:
        i. What precipitated the bankruptcy filing?
        ii. What does the Debtor hope to accomplish in the Chapter 11 case? Does the Debtor anticipate this will be a reorganization or liquidation?
        iii. What are the principal disputes or problems to be resolved?
        iv. What is the best method to resolve those disputes or problems expeditiously and cost-effectively?
    c. Whether the debtor complied with all of its duties under 11 U.S.C. §§ 308 (if applicable), 521, 1106, 1116 (if applicable), F.R.B.P. 4002, and all applicable guidelines of the Office of the United States Trustee, and if not, why not?
        i. Identification of professionals retained by or intended to be retained by the estate, a general description of the type of services to be rendered, and a budget for their estimated services and expenses;
        ii. Identification of and accounting for all post-petition cash collateral pursuant to 11 U.S.C. §§361 and 363, specifically including any written consents or court orders governing its permitted use;
        iii. A representation that there has been of full compliance with F.R.B.P. Rule 1007 regarding the filing of schedules and statements of financial affairs, full compliance with all

      reporting and administrative requirements established by the United States Trustee or a detailed explanation of why compliance is not complete;
      iv. Whether the debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. §101(51B);
      v. Whether the debtor is a "small business debtor" requiring treatment as a "small business case." See 11 U.S.C. §§101(51C); 1102(a)(3), 1121(e) 1125(f) + 1129(e);
      vi. Identification of any unexpired leases and executory contracts to which the Debtor is a party and the Debtor's intention with regard to these leases and contracts.
      vii. Proposed deadlines for filing:
          a. Claims;
          b. Objections to claims;
          c. Avoidance Actions;
          d. Plan of reorganization and disclosure statement.
      viii. Whether the estate includes any property that could potentially give rise to claims or litigation based upon federal or state environmental laws;

4. The debtor must file, with the court, a copy of each operational, management, and financial report required by LBR 2015-2. The debtor must also file, with the court, a copy of the Financial Information on Entities in Which a Chapter 11 Estate Holds a Controlling or Substantial Interest report required by Fed.R.Bankr.P. 2015.3. The debtor must file these reports electronically with the court on the same day it files them with the United States Trustee. The debtor should not serve the court with courtesy copies of these reports.

      **THIS REQUIREMENT DOES NOT MODIFY THE DEBTOR'S OBLIGATION TO FILE A HARD COPY OF THESE REPORTS WITH THE OFFICE OF THE UNITED STATES TRUSTEE.**

5. Debtor and debtor's counsel must appear personally. Any other party may appear telephonically as long as the necessary arrangements are made by 3pm the day before the status conference. If the debtor wishes to continue the status conference, the debtor must call chambers at (818) 587-2809. If the debtor continues the status conference, without court approval, the status conference may go on as scheduled and the court may dismiss the case for non-appearance.

//
//
//
//
//
//
//
//

**IT IS FURTHER ORDERED** that, unless the Court orders otherwise upon motion by the Debtor or other interested parties, all plans and disclosure statements filed in this case shall be prepared in accordance with the current chapter 11 Disclosure Statement form and chapter 11 plan form approved by the Court for use in this district. The Debtor, however, is not required to use the optional Local Bankruptcy Rule forms.

###

Date: October 5, 2016

/s/ Maureen A. Tighe
Maureen A. Tighe
United States Bankruptcy Judge