| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Alla Tenina, Esq. SBN: 224767<br>Tenina Law, Inc.<br>6350 Laurel Canyon Blvd Ste. 307<br>North Hollywood, CA 91606<br>Phone: 213-596-0265   Fax: 310-774-3674<br>E-Mail: alla@teninalaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* ABMS Limited Liability Company | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>TUL INVESTMENTS, INC., | CASE NO.: 1:16-bk-12869-MT<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 12/01/2016<br>TIME: 9:30 am<br>COURTROOM: 302 |
| **Movant:** ABMS Limited Liability Company, Creditor | |

1. **Hearing Location:**
   ☐ 255 East Temple Street, Los Angeles, CA 90012         ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 1                                              F 4001-1.RFS.NONBK.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 11/10/2016

Alla Tenina, Esq.
Printed name of law firm (if applicable)

Atta Tenina, Esq., Attorney for Movant
Printed name of individual Movant or attorney for Movant

*[signature]*

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.NONBK.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☐ Plaintiff
   b. ☒ Defendant
   c. ☒ Other *(specify):* would-be cross-complainant upon granting of relief requested herein

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Tul Investments, Inc. v. ABMS, LLC
   b. *Docket number:* BC636609
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
      Superior Court of the State of California County of Los Angeles- Central District
   d. Causes of action or claims for relief (Claims):
      1. Involuntary Dissolution;
      2. Declaratory Relief. The copy of court filed complaint is attached hereto as Exhibit "1."

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☒ 11  ☐ 12  ☐ 13
      was filed on *(date)* 10/03/2016 .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(date)* _____.

   c. ☐ A plan was confirmed on *(date)* _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                  Page 3                          F 4001-1.RFS.NONBK.MOTION

    f.    ☐   The bankruptcy case was filed in bad faith.

        (1)   ☐   Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2)   ☐   The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3)   ☐   Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4)   ☐   The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g.    ☐   Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a.    ☐   The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.    ☐   Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c.    ☐   Other (*specify*):

6. **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.    ☒   The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b.    ☐   Supplemental declaration(s).

    c.    ☐   The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d.    ☒   Other evidence (*specify*):
        Exhibit "1"- Copy of state filed Complaint.

7.   ☐   **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒   Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐   The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                  Page 4                  F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date: 11/10/2016

Alla Tenina, Esq.
Printed name of law firm (*if applicable*)

Alla Tenina, Esq., attorney for Movant
Printed name of individual Movant or attorney for Movant

*[signature]*

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 5                              F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) NICHOLAS A. SICILIANO _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☒ Defendant
   ☒ Other (specify): would-be cross-complainant upon granting of relief requested herein

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: TUL Investments, Inc. v. ABMS, LLC
   b. *Docket number*: BC636609
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:
      Superior Court of the State of California County of Los Angeles- Central District

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:
      11/07/2016- Complaint was filed by Debtor against Movant for Involuntary Dissolution and Declaratory Relief. Would-be cross-complaint to seek dissolution and related orders.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit __1__.

   c. The Nonbankruptcy Action was filed on (date) __11/07/2016__.

   d. Trial or hearing began/is scheduled to begin on (date) _____.

   e. The trial or hearing is estimated to require _____ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 6                              F 4001-1.RFS.NONBK.MOTION

g. Other defendants in the Nonbankruptcy Action are (*specify*):
Does 1 through 25

5. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

   d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.
      (1) ☐ It is currently set for trial on (*date*) _____.
      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.
      (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.
      (2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

      (3) ☐ Multiple bankruptcy cases affecting the Property include:
      (A) Case name:
      Case number:                                    Chapter:
      Date filed:                  Date discharged:                  Date dismissed:
      Relief from stay regarding this Nonbankruptcy Action    ☐ was    ☐ was not    granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                                    F 4001-1.RFS.NONBK.MOTION

    (B) Case name:
        Case number:                            Chapter:
        Date filed:             Date discharged:           Date dismissed:
        Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

    (C) Case name:
        Case number:                            Chapter:
        Date filed:             Date discharged:           Date dismissed:
        Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

    ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.  ☐ See attached continuation page for other facts justifying relief from stay.

6.  ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a.  ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

  c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

11/10/2016  NICHOLAS A. SICILIANO
_Date_             _Printed name_                          _Signature_

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                Page 8                F 4001-1.RFS.NONBK.MOTION

**EXHIBIT 1**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ABMS, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TUL INVESTMENTS, INC.

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 0 7 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: Stanley Mosk Courthouse
*(El nombre y dirección de la corte es):*
111 North Hill Street
Los Angeles, CA 90012

**CASE NUMBER:** *(Número del Caso):* BC 636 609

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Ronald Richards and Associates, A.P.C.; Ronald Richards, Esq. P.O. Box 11480, Beverly Hills, CA;
(310) 556-1001

DATE: OCT 0 7 2016    SHERRI R. CARTER    Clerk, by    M. Soto    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ABMS, LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Cal. Corp. §17061 (limited liability company)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

```
Ronald Richards, Esq. (SBN 176246)
Nicholas Bravo, Esq. (SBN 264299)
THE LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES, A.P.C.
P. O. Box 11480
Beverly Hills, California 90213
Tel: (310) 556-1001
Fax: (310) 277-3325
Ron@RonaldRichards.com
Nick@RonaldRichards.com
Attorneys for Plaintiff, TUL Investments, Inc.
```

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 0 7 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| TUL INVESTMENTS, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ABMS, LLC., a California limited liability company and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No.: **BC636609**<br><br>**COMPLAINT FOR:**<br>1) INVOLUNTARY DISSOLUTION<br>2) DECLARATORY RELIEF |

**COMPLAINT**

Plaintiff TUL Investments, Inc. (hereinafter "Plaintiff" or "TUL") alleges as follows:

## THE PARTIES

1. Plaintiff TUL Investments, Inc. ("TUL") is a California corporation with a principal place of business in Encino, California.

2. Upon information and belief, Defendant ABMS, LLC ("ABMS") is a California Limited Liability Company with its principal place of business in Calabasas, California.

3. Upon information and belief, Defendant GOLDEN WEST REAL ESTATE, LLC ("Golden West") is a California Limited Liability Company with its principal place of business in Encino, California.

4. The true names and capacities of defendants sued as Does 1 through 25, inclusive, are unknown to Plaintiff, and as such Plaintiff sues those defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have been ascertained.

## VENUE AND NON-WAIVER OF MEDIATION

5. The Complaint concerns real property located in Los Angeles, California, therefore venue is proper in this County and in this judicial district.

## GENERAL ALLEGATIONS

6. Golden West Real Estate, LLC ("Golden West") is the owner of the property commonly known as 1870-1890 South Western Avenue, Los Angeles, California 90006 (the "Property"). The Assessor's Parcel No. is 5074-015-047.

7. Golden West Real Estate, LLC is made up of two partners- Defendant ABMS, LLC and Plaintiff TUL Investments, Inc. Each partner owns a 50% interest in Golden West Real Estate, LLC and thus, ownership of the Property.

8. Golden West, LLC's loan was due and thus, had to pay off the loan for about $800,000. TUL Investments, LLC's share was approximately $400,000. TUL Investments, LLC did not have the funds to pay its share of the loan. Therefore, TUL Investments, Inc. asked Stelmach Family Trust to pay TUL's share.

9. Stelmach Family Trust and TUL agreed that if TUL fails and/or is unable to repay Stelmach Family Trust, TUL would transfer its rights, assets, and obligations it held in

2
**COMPLAINT**

Golden West, LLC to Stelmach Family Trust. Stelmach Family Trust and TUL Investments, LLC executed an agreement commemorating the agreed upon terms.

10. TUL was never able to repay Stelmach Family Trust for its loan, thus, per TUL and Stelmach Family Trust's Agreement, TUL's membership interests in Golden West, LLC transferred to Stelmach Family Trust. ABMS has refused to sign distribution checks to Stelmach Family Trust.

11. Pursuant to Golden West's Operating Agreement, both partners must sign distribution checks. Since April, 2016, AMBS has refused to sign distribution checks. Thus, since April, 2016 neither partner has received any profits.

## FIRST CAUSE OF ACTION

### (Involuntary Dissolution)

12. Plaintiff hereby repeats, realleges, and incorporates by this reference Paragraphs 1 through 11 above.

13. Grounds exist for involuntary dissolution of Golden West pursuant to California Corporations Code Section 17707.03.

14. Defendant ABMS and its director, by participating in the acts alleged in this Complaint, have engaged in persistent and pervasive abuse of authority and discretion. Defendant and its director have engaged in the mismanagement of Golden West, LLC.

15. ABMS has persistently treated TUL with unfairness by, among other things, refusing to allocate profits to neither TUL nor Stelmach Family Trust.

16. Defendant has committed acts constituting waste of Golden West's assets.

17. Defendant has failed and refused to pay Plaintiff from the company business as required by the Operating Agreement. Thus, it is not reasonably practicable to carry on the business in conformity with the Operating Agreement.

18. Involuntary dissolution of Golden West, LLC is therefore necessary and appropriate under the provisions of Corporations Code 17707.03.

**COMPLAINT**

Main Document    Page 14 of 17

19. Plaintiff further alleges that dissolution of Golden West is necessary for the protection of Plaintiff's rights and/or interests as a shareholder of Golden West and to eliminate the risk of growing liabilities, including liabilities created by the misconduct of Defendant.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

20. Plaintiff hereby repeats, realleges, and incorporates by this reference Paragraphs 1 through 19 above.

21. An actual controversy has arisen and now exists between Plaintiff and defendants, and each of them, concerning their respective rights and duties to Golden West LLC's real property in that ABMS refuses to acknowledge the transfer of membership interest from TUL to Stelmach Family Trust, while Plaintiff contends Stelmach Family Trust holds Plaintiff's interest in the real property as a result of the $400,000 loan it gave to Golden West.

22. TUL seeks a judicial determination of whether Stelmach Family Trust has an enforceable interest in Golden West's real property in order that Stelmach Family Trust may ascertain its rights to encumber, sell, lease, or otherwise dispose of this real property, and/or acquire additional real property in its name free and clear of the efforts of defendants, and each of them, to impose an interest in such property.

23. A judicial determination of the rights and responsibilities of the parties over the real property in question is necessary and appropriate at this time in that the uncertainty over the issue of whether Stelmach Family Trust has an enforceable interest in Golden West's real property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TUL Investments, Inc. respectfully request relief as follows:

1. For an order dissolving Golden West, LLC;

**COMPLAINT**

2. For an order declaring Stelmach Family Trust has an enforceable interest in Golden West's property derived from the transfer of TUL's membership interests to Stelmach Family Trust;

3. For costs of suit incurred herein;

4. For such other and further relief as the Court may deem equitable and proper.

DATED: October 6, 2016

LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES APC

By: *Ronald Richards*
RONALD N. RICHARDS, Esq.
NICHOLAS BRAVO, Esq.
Attorneys for Plaintiff, TUL Investments, Inc.

**COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Law Offices of Ronald Richards and Associates, A.P.C. <br> Ronald Richards, Esq. (SBN 176246) <br> P.O Box 11480 <br> Beverly Hills, CA 90213 <br> TELEPHONE NO.: (310)556-1001    FAX NO.: (310) 277-3325 <br> ATTORNEY FOR *(Name):* Tul Investments, Inc. | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles- Central <br> STREET ADDRESS: 111 North Hill Street <br> MAILING ADDRESS: 111 North Hill Street <br> CITY AND ZIP CODE: Los Angeles 90012 <br> BRANCH NAME: Stanley Mosk | CONFORMED COPY <br> OF ORIGINAL FILED <br> Los Angeles Superior Court <br><br> OCT 07 2016 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By: Moses Soto, Deputy |
| CASE NAME: <br> TUL Investments, Inc. v. ABMS, LLC | |

| CIVIL CASE COVER SHEET <br> ☑ Unlimited  ☐ Limited <br> (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation <br> ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | CASE NUMBER: BC 636609 <br><br> JUDGE: <br> DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2; Involuntary Dissolution; Declaratory Relief
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 6, 2016
Ronald Richards, Esq.
_____    ▶ *Ronald Richards*
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6350 Laurel Canyon Blvd Ste. 307
North Hollywood, CA 91606

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Matthew Abbasi    matthew@malawgroup.com
Katherine Bunker    kate.bunker@usdoj.gov    United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
David S Hagen    go4broq@earthlink.net
Ronald N Richards    ron@ronaldrichards.com, nick@ronaldrichards.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Honorable Maureen Tighe
21041 Burbank Blvd, Suite 324
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/10/2016 | Alla Tenina | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014    Page 9    F 4001-1.RFS.NONBK.MOTION