| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MATTHEW ABBASI, ESQ.; SBN 215030<br>**ABBASI LAW CORPORATION**<br>8889 WEST OLYMPIC BOULEVARD, SUITE 240<br>BEVERLY HILLS, CALIFORNIA 90211<br>TELEPHONE: (310) 358-9341<br>FACSIMILE: (888) 709-5448<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>Tul Investments, Inc.<br><br><br><br><br><br>Debtor(s). | CASE NO: **1:16-bk-12869-MT**<br><br>CHAPTER __11__<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>(with supporting declarations)<br><br>DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

**Movant: DEBTOR, TUL INVESTMENTS, INC.**

1. NOTICE IS HEREBY GIVEN to **THE COURT, CREDITOR, SHLOMO GOLDBERRG** ("Goldberg"), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 1                      F 4001-1.IMPOSE.STAY.MOTION

b. ☒ This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☒ at least **2** days before the hearing.

   (1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

   (3) ☒ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: November 14, 2016

ABBASI LAW CORPORATION
Printed name of law firm (if applicable)

Matthew Abbasi, Esq.
Printed name of individual Movant or attorney for Movant

_/s/ ML_
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                       Page 2                            F 4001-1.IMPOSE.STAY.MOTION

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** <u>DEBTOR, TUL INVESTMENTS, INC.</u>

1. **The Property or Debt at Issue:**

    a. ☐ Movant moves for an order imposing a stay with respect to the following property (Property):
    ☐ Vehicle *(describe year, manufacturer, type, and model)*:
    Vehicle Identification Number:
    Location of vehicle *(if known)*:

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:
    Serial number(s):
    Location *(if known)*:

    ☐ Other Personal Property *(describe type, identifying information, and location)*:

    ☐ Real Property
    Street Address:
    Apt./Suite No.:
    City, State, Zip Code:
    Legal description or document recording number(include county of recording):

    ☐ See attached continuation page

    The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) __to secure the sum of approximately $__ now owed. (Secured Creditor/Lessor). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. *(Attach additional sheets as necessary)*

    b. ☒ Movant moves for an order **imposing a stay** <u>if</u> the Court determines that a stay is currently not in place with respect to *any and all actions* against the Debtor and the estate by CREDITOR, SHOLOMO GOLDBERG ("Goldberg") concerning a judgment from a matter entitled <u>Shlomo Goldberg v. Tul Investments, Inc., et. al.</u> in the Los Angeles Superior Court under case no. LC075563 ("Judgment"), and/or

    e. ☒ Movant moves for an order **continuing the automatic stay** as to <u>all creditors</u>.

2. **Case History:**

    a. ☒ A voluntary   ☐ An involuntary petition concerning an individual[s] under chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13 was filed concerning the present case on *(specify date)*:

    b. ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on *(specify date)*:

    c. ☐ Plan was confirmed on *(specify date)*:

    d. ☒ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

        1. Case name: **TUL INVESTMENTS, INC.**
        Case number: 1:14-bk-15294             Chapter: 11
        Date Filed: 11/25/2014                 Date dismissed: 3/24/2016
        Relief from stay re this Property      ☐ was    ☒ was not filed or granted
        Reason for dismissal:

        This bankruptcy case was dismissed before the approval of any Disclosure Statement or Plan for Reorganization because of ownership disputes and the pending appeal of the Goldberg's Judgment. After

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    F 4001-1.IMPOSE.STAY.MOTION

    the dismissal of this case, the Court of appeals upheld Goldberg's Judgment. The Case was dismissed at a status conference.

    2. Case name:
       Case number:                                  Chapter:
       Date Filed:                                     Date dismissed:
       Relief from stay re this Property       ☐ was        ☐ was not granted
       Reason for dismissal:

       ☐ See attached continuation page

  e.  ☒ As of the date of this motion the Debtor ☒ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2). If a statement of intentions has been filed, Debtor ☒ has ☐ has not performed as promised therein.

  f.  ☒ The first date set for the meeting of creditors under 11 U.S.C §341(a) was held and concluded on **November 8, 2016 at 09:30 AM** and the court ☐ has ☒ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is **Not Applicable**.

  g.  ☐ In a previous case(s), as of the date of dismissal there was:
       ☐ an action by the Goldberg under 11 U.S.C. §362(d) still pending or
       ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows: **Not Applicable.**

a) 
1. Property description/value:__                     $__
2. Creditor/Lien amount:__                          $__
3. Creditor/Lien amount:__                          $__
4. Creditor/Lien amount:__                          $__
5. Creditor/Lien amount:__                          $__
6. Total Liens                                           $__
7. Debtor's Homestead Exemption                $__
8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)   $__

b) 
1. Property description/value:__                     $__
2. Creditor/Lien amount:__                          $__
3. Creditor/Lien amount:__                          $__
4. Creditor/Lien amount:__                          $__
5. Creditor/Lien amount:                            $__
6. Total Liens                                           $__
7. Debtor's Homestead Exemption                $__
8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)   $__

    ☐ See attached continuation page

4. **Grounds for Continuing the Stay:**

  a.  ☒ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

    1.  ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

      A.  ☒ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);
      B.  ☒ Good faith is shown because **the Debtor has a viable and confirmable plan for reorganization. The Debtor shall file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement. As evidenced by the Debtor's October 2016 Monthly Operating Report, the Debtor has about $96,594.83 in cash on hand. Moreover, the Debtor collects about $15,000 in gross rental/contractual monthly income, Furthermore, as**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    Page 4                                  F 4001-1.IMPOSE.STAY.MOTION

    **stated at the Debtor's 341 (a) Meeting, the Debtor is selling its interest in one of its properties to raise additional funds. Overall, based on Debtor's current cash on hand, monthly income, and the additional cash it plans to raise from the sale of assets, the Debtor is ready, willing and able to address all of its claim, including the Judgment, via the herein case.**

    ☐ See attached continuation page

2. ☐ The Property is of consequential value or benefit to the estate because:

    A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property)*;.

    B. ☐ The Property is necessary to a reorganization for the following reasons: __

        ☐ See attached continuation page

    C. ☐ The Goldberg's interest can be adequately protected by (describe Movant's proposal for adequate protection:) __

        ☐ See attached continuation page

3. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because **the Debtor's prior case was dismissed before the approval of any Disclosure Statement or Plan for Reorganization because of the pending appeal of the Goldberg's Judgment. After the dismissal of this case, the Court of appeals upheld Goldberg's Judgment which will now allow the Debtor to administer this claim in this case. Further, no motion for relief of stay or motion to dismiss were filed by any Creditor in this prior case. Overall, this case was dismissed at a status conference because of the undue delay caused by the adjudication of the appeal. As noted before, in the herein case the Debtor has a viable and confirmable plan for reorganization.**

    **As set forth in the supporting Declaration of Yuval Stelmach, the Debtor shall file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement. Therefore, the Debtor's case was filed in good faith and there is no presumption that the pending case was filed in bad faith. Further, as set forth in the Declaration of Yuval Stelmach, one of the Debtor's assets are being sold to fund the Debtor's soon to be filed repayment plan. However, the Debtor's plans are in jeopardy because Goldberg has failed to cease his collection of the Judgment despite the Debtor's bankruptcy. Therefore, the Debtor requests an Order from the Court to continue the Stay and reaffirm the Stay.**

    A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

    B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

    C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

    D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

        ☐ See attached continuation page

    E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

        ☐ See attached continuation page

    F. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: **As stated above and set forth in the Declaration of Yuval Stelmach, the Debtor's prior case was dismissed before the approval of any Disclosure Statement or Plan for Reorganization because of the pending appeal of the Goldberg's**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 5    F 4001-1.IMPOSE.STAY.MOTION

  **Judgment. After the dismissal of this case, the Court of appeals upheld Goldberg's Judgment which will now allow the Debtor to administer this claim in this case. Further, as set forth in the Declaration of Yuval Stelmach, one of the Debtor's assets are being sold to fund the Debtor's soon to be filed repayment plan. However, the Debtor's plans are in jeopardy because Goldberg has failed to cease his collection of the Judgment despite the Debtor's bankruptcy.**

  From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

 G. ☐ For the following additional reasons:

   ☐ See attached continuation page

4. ☒ The presumption of a bad faith filing as to the Goldberg under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because **the Debtor's prior case was dismissed before the approval of any Disclosure Statement or Plan for Reorganization because of the pending appeal of the Goldberg's Judgment. After the dismissal of this case, the Court of appeals upheld Goldberg's Judgment which will now allow the Debtor to administer this claim in this case. Further, no motion for relief of stay or motion to dismiss were filed by any Creditor in this prior case. Overall, this case was dismissed at a status conference because of the undue delay caused by the adjudication of the appeal. As noted before, in the herein case the Debtor has a viable and confirmable plan for reorganization.**

  **As set forth in the supporting Declaration of Yuval Stelmach, the Debtor shall file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement. Therefore, the Debtor's case was filed in good faith and there is no presumption that the pending case was filed in bad faith.**

5. **Grounds for Imposing a Stay:**

 a. ☒ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay (if a stay is not already in place) as follows:

  1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

  2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: __.

  3. ☒ **Goldberg's interest and the interests of all creditors of the estate's interest can be adequately protected by orderly payments via the Debtor's Plan. As set forth herein, the Debtor shall file its Disclosure Statement and Plan within 30 days which will include immediate payments to Goldberg. If Goldberg disrupts the Debtor's by causing tenants to breach leases, and/or cause tenants to leave the leased properties amongst other harm, the value of the Debtor's estate will diminish along with its income. Furthermore, the Debtor will be forced to incur additional legal fees and costs if it is forced to address the same obligation (Goldberg Judgment) in different forums. In sum, Goldberg is trying to divert the Debtor's income which is estate property. Therefore, the Debtor requests an Order which imposes a stay of any collection of Goldberg's Judgment if the Court determines that stay is not already in effect.**

 b. ☒ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

  1. ☒ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

  2. ☒ Good faith is shown because **the Debtor has a viable and confirmable plan for reorganization. The Debtor shall file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement. As evidenced by the Debtor's October 2016 Monthly Operating Report, the Debtor has about $96,594.83 in cash on hand. Moreover, the Debtor collects about $15,000 in gross rental/contractual monthly income, Furthermore, as stated at the Debtor's 341 (a) Meeting,**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　　　　　　　Page 6　　　　　　　　　　　　　　　F 4001-1.IMPOSE.STAY.MOTION

<u>the Debtor is selling its interest in one of its properties to raise additional funds. Overall, based on Debtor's current cash on hand, monthly income, and the additional cash it plans to raise from the sale of assets, the Debtor is ready, willing and able to address all of its claim, including the Judgment, via the herein case</u>.

c. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: __

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

5. ☒ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

<u>As stated above and set forth in the Declaration of Yuval Stelmach, the Debtor's prior case was dismissed before the approval of any Disclosure Statement or Plan for Reorganization because of the pending appeal of the Goldberg's Judgment. After the dismissal of this case, the Court of appeals upheld Goldberg's Judgment which will now allow the Debtor to administer this claim in this case. Further, as set forth in the Declaration of Yuval Stelmach, one of the Debtor's assets are being sold to fund the Debtor's soon to be filed repayment plan. However, the Debtor's plans are in jeopardy because Goldberg has failed to cease his collection of the Judgment despite the Debtor's bankruptcy.</u>

6. ☒ For the following additional reasons __

<u>Debtor has a viable and confirmable plan for reorganization. The Debtor shall file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement. As evidenced by the Debtor's October 2016 Monthly Operating Report, the Debtor has about $96,594.83 in cash on hand. Moreover, the Debtor collects about $15,000 in gross rental/contractual monthly income, Furthermore, as stated at the Debtor's 341 (a) Meeting, the Debtor is selling its interest in one of its properties to raise additional funds. Overall, based on Debtor's current cash on hand, monthly income, and the additional cash it plans to raise from the sale of assets, the Debtor is ready, wiling and able to address all of its claim, including the Judgment, via the herein case.</u>

7. ☒ The presumption of bad faith as to the Goldberg under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because <u>the Debtor's prior case was dismissed before the approval of any Disclosure Statement or Plan for Reorganization because of the pending appeal of the Goldberg's Judgment. After the dismissal of this case, the Court of appeals upheld Goldberg's Judgment which will now allow the Debtor to administer this claim in this case. Further, no motion for relief of stay and no motion for dismiss was filed by any Creditor in the prior case. Overall, this case was dismissed at a status conference because of the undue delay caused by the appeal. As noted before, in the herein case the Debtor has a viable and confirmable plan for reorganization. The Debtor shall file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement. Therefore, the Debtor's case was filed in good faith and there is no presumption that the pending case was filed in bad faith</u>.

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

a. ☒ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
b. ☒ Other Declaration(s) are also attached in support of this Motion
c. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached to Request for Judicial Notice.
d. ☒ Other evidence *(specify)*: **Request for Judicial Notice**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*  Page 7  F 4001-1.IMPOSE.STAY.MOTION

7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☒ That the Automatic Stay be continued in effect as to Creditor, Shlomo Goldberg, and *any and all actions* he has against the Debtor and the estate including a civil judgment from a matter entitled Shlomo Goldberg v. Tul Investments, Inc., et. al. from a case filed in the Los Angeles Superior Court under case no. LC075563 ("Judgment") until further order of the court.

4. ☒ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☒ That a Stay be imposed as to Creditor, Shlomo Goldberg to stay *any and all actions* against the Debtor or the estate concerning a judgment from a matter entitled Shlomo Goldberg v. Tul Investments, Inc., et. al. in the Los Angeles Superior Court under case no. LC075563 ("Judgment"),

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: November 14, 2016          Respectfully submitted,

Movant Name
**ABBASI LAW CORPORATION**
Firm Name of attorney for Movant (if applicable)

*[signature]*
Signature
**Matthew Abbasi, Esq.**
Printed Name of Individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I **YUVAL STELMACH**, am the **President** of Movant. I have read the foregoing motion consisting of ___ pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11-14-16 | YUVAL STELMACH | [signature] |
|---|---|---|
| Date | Printed name of declarant | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 9    F 4001-1.IMPOSE.STAY.MOTION

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**8889 WEST OLYMPIC BLVD., SUITE 240, BEVERLY HILLS, CA 90211**

A true and correct copy of the foregoing document entitled (*specify*):  __Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate with Declaration of Yuval Stelmach and Exhibits__  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **11/14/2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Katherine Bunker on behalf of U.S. Trustee United States Trustee (SV)
kate.bunker@usdoj.gov

David S Hagen on behalf of Creditor Shlomo Goldberg
go4broq@earthlink.net

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, nick@ronaldrichards.com

Alla Tenina on behalf of Creditor ABMS Limited Liability Company
alla@teninalaw.com, Monique@teninalaw.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On ____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **11/16/2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Honorable Maureen Tighe
21041 Burbank Blvd, Suite 324
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 11/16/2016 | **Matthew Abbasi, Esq.** | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 10    F 4001-1.IMPOSE.STAY.MOTION

MATTHEW ABBASI, ESQ.; SBN 215030
**ABBASI LAW CORPORATION**
8889 WEST OLYMPIC BLVD, SUITE 240
BEVERLY HILLS, CALIFORNIA 90211
TEL:(310) 358-9341
E-FAX: (888) 709-5448
EMAIL: MATTHEW@MALAWGROUP.COM

ATTORNEYS FOR, DEBTOR-IN-POSSESSION,
TUL INVESTMENTS, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO DIVISION

IN RE:

TUL INVESTMENTS, INC.

    DEBTOR.

CASE NO.: 1:16-bk-12869-MT

CHAPTER 11 PROCEEDING

**DECLARATION OF YUVAL STELMACH IN SUPPORT OF MOTION**

I, **YUVAL STELMACH**, declare:

I am over the age of eighteen (18) years old, and if called upon to testify I could and would do so competently. I have personal knowledge of the facts set forth herein, and based on that personal knowledge, I assert the following facts as true and correct to the best of my knowledge:

1. I am the President of the Debtor and the Debtor-in-Possession, ("Debtor"), in the herein Chapter 11 Reorganization case and am fully authorized to submit the herein Declaration. As the Debtor's President, I personally authorized the herein Chapter 11 Reorganization case on **October 3, 2016** and am fully authorized to submit the herein Declaration.

2. The main factor leading up to the herein filing was to stay pending levy and collection actions by a judgment creditor, Shlomo Goldberg ("Goldberg"). The herein petition was filed under Chapter 11 of the Code to protect the Debtor's Estate while the Debtor devises a plan for reorganization. As listed in the Debtor's petition, Goldberg has a civil judgment in a matter entitled <u>Shlomo Goldberg v. Tul Investments, Inc., et. al.</u> in the Los Angeles Superior Court under case no. LC075563 (the "Judgment") against the Debtor, myself, and our management company, REM, LLC.

3. As it stands, I was forced by Mr. Goldberg to cause the Debtor to file the herein Motion to Impose/Continue the Automatic Stay because Mr. Goldberg has refused to stay his collection actions against the Debtor and is trying to intercept the Debtor's income. Specifically, Mr. Goldberg has sought to collect the Debtor's income without first seeking any relief from the stay. Further, Mr. Goldberg has set a Motion seeking "Arrest Warrants for 3rd party Tenants" for Contempt of Court Bench Warrants as part of his ongoing collection of the Judgment and has refused to take it off calendar despite of being notified of the Debtor's bankruptcy filing and despite the fact all rents paid by the 3rd party tenants have already been deposited in the Debtor's DIP account for this case. This Motion is set to be heard on **November 29, 2016 at 9:30 a.m.** in Department Q of Los Angeles Superior Court (Van Nuys Courthouse). Therefore, it is urgent for this Court to hear this matter as soon as possible on Ex-Parte basis.

4. The Debtor is a real estate investment company that owns and manages its interest in other entities. As set forth in the Petition, the Debtor has no secured creditors and no creditor has a security claim on any of the Debtor's income. However, there are ongoing litigation between my family and Mr. Goldberg in the State of Israel. The following summarizes the Debtor's assets, ownership, and Creditors:

(a) <u>Debtor's Corporate Assets</u>:

The Debtor has the following corporate ownerships which are not in dispute:
- 50% of a company called GOLDEN WEST REAL ESTATE, LLC ("GW"); and
- 50% of a company called TUL ANTHONY, LTD ("Tul Anthony").

The above-cited companies own the following real properties:
- GW owns 100% of a commercial property located at 1880 S. Western Ave., Los Angeles California ("Western Property").

- Tul Anthony owns 14% of an entity named BALBOA PLAZA, LLC ("BP") which owns a commercial property located at 17050 Chatsworth Street, Grenada Hills, California ("Chatsworth Property").

- Tul Anthony owns 100% of an entity named TUL RESEDA, LP ("Tul Reseda") which owns a commercial property located at 7126 Reseda Blvd., Reseda, California ("Reseda Property").

(b) <u>Debtor's Property Assets</u>:

5. The Debtor does not directly own any real property but the Debtor is the 100% equitable owner of a commercial property located at 101-107 Barrington Way, Brentwood, California (the "Brentwood Property"). The Brentwood Property is currently legally owned by the <u>Stelmach Family 2002 Living Trust</u> ("SFT") but the true and correct owner of this property has always been the Debtor because the Brentwood Property was purchased on or about **October 31, 1995** by the Debtor and was owned free and clear by the Debtor until 2003. Thereafter, on or about **December 16, 2003,** the Debtor conveyed title of this property to the SFT in order to qualify for a loan. This transfer was needed to obtain a loan because the Debtor did not have sufficient credit to obtain a loan on its own. Consequently, this property was transferred into SFT and the loan had to be personally guarantee by Yuval and Tally Stelmach. This loan has since been paid-off but due to pending litigation this property has not been re-conveyed to the Debtor before the filing of the Petition. However, if needed, this property can be re-conveyed easily. The Debtor does not own any other real property, corporate, or any other assets.

6. Attached hereto as **Exhibit "A"** is a true and correct copy of the **October 31, 1995** Grant Deed of the Brentwood Property by Northern Trust Bank to the Debtor after the purchase of said property.

7. Attached hereto as **Exhibit "B"** is a true and correct copy of the **December 16, 2003** Grant Deed of the Brentwood Property by the Debtor to SFT.

(c) <u>Debtor's Owners:</u>

8. As of the filing of the herein case, the Debtor has an unresolved ownership dispute which the Debtor will seek to resolve via its Plan. Based on the books and records of the Debtor, the following is a listing of the Debtor's disputed ownership:

- Shlomo Goldberg ("Goldberg") owns 7.5% of the Debtor.

---

3

DECLARATION OF YUVAL STELMACH IN SUPPORT OF MOTION

- Estate of Lea Goldberg (Shlomo Goldberg's deceased wife) owns 7.5% of the Debtor.
- Yuval and Tally Stelmach (my wife and I) own the remaining 85% of the Debtor.

9. In the Appeal of Goldberg's Judgment, the Debtor asserted that it was entitled to a jury-trial on the sole, equitable, cause of action asserted against it (and the other Defendants) which was for the alleged breach of fiduciary duty. Further, the Debtor has asserted that the trial wrongfully awarded contractual damages for a breach of fiduciary duty judgment which is in violation of California law. As such, the Appeal could have materially changed the facts of the Debtor's prior case if it had prevailed. Therefore, the Debtor was not able to confirm a Plan before its adjudication in the prior case. Simply put, the prior case was dismissed because of the undue delay caused by the Appeal.

10. Its important to note that the Debtor's prior case was dismissed at a status conference. No motion for relief of stay or motion for dismiss was filed by Mr. Goldberg in the prior case. After the dismissal of the Debtor's prior case, the Court of appeals upheld Goldberg's Judgment which will now allow the Debtor to administer this Judgment in this case.

11. In the herein case, the Debtor has a viable and confirmable plan for reorganization. Therefore, the Debtor will file its disclosure statement within 30 days of this Motion and shall submit its plans for voting upon the approval of the disclosure statement but the Debtor needs the Court to Continue/Impose a Stay.

12. As evidenced by the Debtor's October 2016 Monthly Operating Report, the Debtor has about $96,594.83 in cash on hand in its DIP Account. Moreover, the Debtor collects about $15,000 in gross rental/contractual monthly income, Furthermore, as stated at the Debtor's 341(a) Meeting, the Debtor is selling its interest in the BP property to raise additional funds. In sum, based on Debtor's current cash on hand, monthly income, and the additional cash it plans to raise from the sale of assets, the Debtor is ready, willing and able to address all of its claim, including the Judgment. For these reasons, the Debtor's case was filed in good faith and there is no presumption that the pending case was filed in bad faith.

13. Before the filing of this case, I caused REM, LLC to file in a Chapter 11 case entitled In Re: REM, LLC with case number 2:16-bk-18928-WB. This Chapter 11 proceeding was

filed in order prepare an orderly repayment of debts, including the Judgment much like the case at hand. After the filing of this case, the Debtor sought to remove the entire <u>Shlomo Goldberg v. Yuval Stelmach et al.</u> case and the Judgment to bankruptcy Court pursuant to <u>28 U.S.C. § 1452(a)</u>. This action was taken to present an orderly Plan to all creditors to repay said creditors, including Mr. Goldberg, in a controlled, reasonable and effective manner to avoid unnecessary litigation or business interruption. However, the removal was not successful and denied. Further, several tenants/management companies failed to turn-over rents to REM because they claimed that this income belonged to the Debtor and not REM. Therefore, I agreed to have REM's case dismissed and caused the Debtor to refile the herein case to avoid unnecessary litigation and argument. Since filing the herein case, all tenants and property managers have consensually turned over rents and contractual income to the Debtor. In turn, all such funds have been deposited in the Debtor's DIP account.

14. For the above-cited reasons, the Debtor respectfully requests for this Court to confirm and continue the Stay of any and all collection actions against the Debtor and the estate including Goldberg's actions concerning the Judgment to allow the Debtor to submit its Disclosure Statement and Plan in the next 30 days. If the Court believes that a Stay is not in effect, I respectfully request for the Court to impose an immediate Stay of all collection action including actions by Goldberg with respect to the Judgment to prevent further harm to the Estate.

15. In conclusion, the Debtor's Plan calls out for payment to all creditors, including Mr. Goldberg but in order to administer its Plan the Debtor needs to be able to muster all of its income into the Debtor's DIP Account. However, Mr. Goldberg is actively trying to intercept the Debtor's funds and seeking to punish the tenants of the Brentwood Property and others by seeking warrants for their arrest after the tenants paid their rent to the Debtor's DIP Account instead of Mr. Goldberg. These actions clearly interfere with the Estate's income and ability to fund a Plan. Further, if Mr. Goldberg is not stopped, he will cause the estate irreparable harm as it may cause tenants to leave early or not to resign their lease when they come up for renewal. Finally, the value of the Debtor's estate will decrease if it loses it tenants and income.

///

| | |
|---|---|
| 1 | |
| 2 | I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct to the best of my knowledge. This Declaration was executed this date __11-14-16__, in Los Angeles, California. |

YUVAL STELMACH, Declarant

---

6

DECLARATION OF YUVAL STELMACH IN SUPPORT OF MOTION