MATTHEW ABBASI, ESQ.; SBN 215030
**ABBASI LAW CORPORATION**
8889 WEST OLYMPIC BLVD, SUITE 240
BEVERLY HILLS, CALIFORNIA 90211
TEL:(310) 358-9341
E-FAX: (888) 709-5448
EMAIL: MATTHEW@MALAWGROUP.COM

ATTORNEYS FOR, DEBTOR-IN-POSSESSION,
TUL INVESTMENTS, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO DIVISION

| | |
|---|---|
| IN RE:<br><br>TUL INVESTMENTS, INC.<br><br>DEBTOR. | CASE NO.: 1:16-bk-12869-MT<br><br>CHAPTER 11 PROCEEDING<br><br>STIPULATION BETWEEN DEBTOR AND CREDITOR RE: INTERIM PAYMENTS TO CREDITOR AND STAY OF COLLECTION |

**TO THE HONORABLE MAUREEN TIGHE, U.S. BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CREDITORS, AND INTERESTED PARTIES:**

This Stipulation Re: Interim Payments to Creditor and Stay of Collection (the "Stipulation") is entered into by and between: (a) Debtor and the Debtor-in-Possession, TUL INVESTMENTS, INC.'s (the "Debtor"), and Creditor, SHLOMO GOLDBERG ("Goldberg") based upon the following facts:

### RECITALS

WHEREAS, on **October 3, 2016** (the "Petition Date"), Debtor filed its Chapter 11 petition. Since the Petition Date, Debtor has been acting as Debtor and Debtor-in-Possession.

WHEREAS, the main factor leading up to the herein filing was to stay pending levy and

other collection actions by Mr. Goldberg. As listed in the Debtor's petition, Mr. Goldberg has a civil judgment in a matter entitled Shlomo Goldberg v. Tul Investments, Inc., et. al. in the Los Angeles Superior Court under case no. LC075563 (the "Judgment") against the Debtor, Yuval Stelmach, and REM, LLC.

WHEREAS, Mr. Goldberg asserts that the payoff amount of the Judgement is currently $756,088.95. This sum is based on the Mr. Goldberg's assertion that its principal judgment amount of $547,022.26; accumulated interest in the sum $186,899.29 and accumulated fees/costs in the sum of $22,167.40 (hereinafter collectively the "Claim"). The Debtor disputes the Claim amount, and each subparts of the Claim. The Debtor reserves all rights to Object/Oppose the Claim and to reserves all rights to the treatment of the Claim in its Plan.

WHEREAS, the Debtor has listed in its petition that it is the 100% equitable owner of a commercial property located at 101-107 Barrington Way, Brentwood, California (the "Brentwood Property"). The Debtor has also asserted that all income from Property is the property of the Debtor's estate. Mr. Goldberg disputes the above and reserves all rights.

WHEREAS, the Debtor has listed in its petition that it has the following corporate holdings: (a) 50% ownership of a company called GOLDEN WEST REAL ESTATE, LLC ("GW"); and (b) 50% ownership of a company called TUL ANTHONY, LTD ("Tul Anthony"). The above-cited companies own the following real properties: (1) GW owns 100% of a commercial property located at 1880 S. Western Ave., Los Angeles California ("Western Property"); (2) Tul Anthony owns 14% of an entity named BALBOA PLAZA, LLC ("BP") which owns a commercial property located at 17050 Chatsworth Street, Grenada Hills, California ("Chatsworth Property"); (3) Tul Anthony owns 100% of an entity named TUL RESEDA, LP ("Tul Reseda") which owns a commercial property located at 7126 Reseda Blvd., Reseda, California ("Reseda Property"). The Debtor has also asserted that its income from the above-cited properties are property of the Debtor's estate. Mr. Goldberg disputes the above and reserves all rights.

WHEREAS, the Debtor is in the process of formulating its Disclosure Statement and Plan which should be ready for filing after the Proof of Claim Deadline expires. The Court may set the initial deadlines for this matter at the upcoming Initial Case Management Conference on

December 1, 2016.

WHEREAS, the Debtor and Mr. Goldberg (hereinafter collectively the "Parties") wish to consensually agree on terms for Debtor to commence interim payments to Mr. Goldberg for the Claim while the Debtor formulates its Disclosure Statement and Plan. The Parties have agreed to reserves all rights they have against each other unless otherwise explicitly stated herein.

### STIPULATED AGREEMENTS

WHEREFORE, based on the above-cited Recitals, the Parties hereby Stipulate, Agree, and jointly Request for the Court to issue an Order approving the following:

1. This Stipulation shall be in effect from the Petition Date through **February 14, 2017** ("Agreement Period"), at which time it shall expire of its own terms unless the Parties agree otherwise in writing.

2. Within five (5) days of the approval of this Stipulation by the Court, the Debtor shall pay Mr. Goldberg from the Debtor's DIP Account a sum of **$11,400.00** via a check made out to "Leon Small Client Trust Account". All payments made under this Stipulation, and any extensions thereof, shall be credited towards, and deducted from, Mr. Goldberg's Claim in this case and the Judgment.

3. During the Agreement Period, Mr. Goldberg shall fully and completely stay all legal action to enforce the Judgment against the Debtor by proceeding against the 3rd Party Tenants of the Brentwood Property or seeking to levy any rents from any 3rd Party Tenants of the Brentwood Property. Furthermore, Mr. Goldberg shall continue and/or reset any pending hearings set on any motion or petition in the Los Angeles Superior Court against the 3rd Party Tenants for the Brentwood Property during the Agreement Period and any extensions thereof.

4. The Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting the Stipulation, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Stipulation, or the Stipulation as a whole, was purportedly prepared or requested by such party.

5. This Stipulation contains the entire agreement between the Parties as to the terms of the Stipulation and supersedes all prior agreements and undertakings among the

Parties relating to the terms of this Stipulation.

6. This Stipulation may not be modified other than by signed writing executed by each of the Parties and delivered to each Party, and such modification must be approved by the Bankruptcy Court, or such other court of competent jurisdiction.

7. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

8. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

9. The Bankruptcy Court presiding over the Debtor's case shall have exclusive jurisdiction over any and all disputes arising out of, or otherwise related to, the enforcement of the terms of this Stipulation, the Judgment, and the Claim hereinafter.

IT IS SO STIPULATED.

APPROVED AND SUBMITTED JOINTLY BY:

Date: November 29, 2016         ABBASI LAW CORPORATION

_____
MATTHEW ABBASI, ESQ.
ATTORNEYS FOR DEBTOR-IN-POSSESSION,
TUL INVESTMENTS, INC.

Date: November 29, 2016         LAW OFFICES OF DAVID S. HAGEN

_____
DAVID HAGEN, ESQ.
ATTORNEYS FOR CREDITOR,
SHLOMO GOLDBERG