Law Offices of DAVID S. HAGEN
DAVID S. HAGEN - State Bar No. 110588
16830 Ventura Boulevard
Suite 500
Encino, California 91436
(818) 990-4416
Fax: (818) 990-5680
Email: davidhagenlaw@gmail.com

Law Offices of LEON SMALL
LEON SMALL - State Bar No. 67580
16530 Ventura Boulevard
Suite 306
Encino, California 91436
(818) 906-2555
Email: lsattorney2002@yahoo.com

Attorneys for Shlomo Goldberg

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re: | Case No. 1:16-bk-12869-MT |
| | Chapter 11 |
| TUL INVESTMENTS, INC., | |
| | **NOTICE OF MOTION AND MOTION FOR ORDER DISMISSING CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT** |
| | |
| | **DATE: March 1, 2017** |
| | **TIME: 9:30 a.m.** |
| Debtor. | **COURT: 302** |

TO: DEBTOR TUL INVESTMENTS, INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2017 at 9:30 a.m. before the Honorable Maureen Tighe, in her Courtroom 302, 21041 Burbank Blvd, Woodland Hills, CA 91367, Movant Shlomo Goldberg will move the Court for an order dismissing this chapter 11 case pursuant to the provisions of 11 U.S.C. Section 1112(b)(1) which provides for

1

1  dismissal of a case, for cause if it is in the best interests of
2  creditors to so.  Here, cause exists because the debtor failed to file
3  a disclosure statement and plan by January 20, 2017, the date set by
4  the court at the initial status conference on December 1, 2016, and
5  further, that by failing to timely file a plan and disclosure
6  statement, the debtor has failed to abide by a court order.
7      This motion is supported by this Notice of Motion, the attached
8  Memorandum of Points and Authorities and Declarations in Support.
9  Opposition, if any, must be filed with the Court and served upon
10 counsel for the moving party no later than 17 days prior to the date
11 set for hearing.  Failure to do so may result in the granting of the
12 motion.
13     DATED: January 23, 2017
14                                     LAW OFFICES OF DAVID S. HAGEN
15
16                                     By:/s/ DAVID S. HAGEN
                                           DAVID S. HAGEN, Attorney for
17                                         Shlomo Goldberg, Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

Creditor Shlomo Goldberg is the father in law of Yuval Stelmach, ("Stelmach") the managing member of the Debtor. Goldberg, who resides in Israel, divorced Yuval's wife's mother in a contentious divorce proceeding. The mother has since passed away. Both Goldberg and his ex-wife are shareholders of the Debtor, each owning a 7.5% interest. The debtor is alleged to "manage" certain investment properties, mostly consisting of one multiple unit commercial building in Brentwood, California commonly known as 101-107 Barrington Way, Brentwood, CA 90049 ("Brentwood Property") for which title is held by an entity known as The Stelmach Family Trust ("Trust"), and to which tenants pay rent to the Trust and/or the Debtor. The debtor, through its principal Stelmach, maintains that the debtor has some "equitable interest" in the property because at one time it held title and transferred that title to the Trust. At his Rule 2004 Exam in the prior chapter 11, Stelmach could not estimate the debtor's "equitable interest" value in the Brentwood property and indicated that since the filing of the chapter 11 he had not sought to obtain an appraisal nor to seek to sell the property. The tenants of the property maintain leases with the Trust, not Tul Investments, and pay their rent to the Trust, not to Tul Investments. From time to time the Trust transfers money into the Debtor's DIP account. Stelmach takes a percentage for himself, and pays some other bills from the remainder.

Goldberg has been litigating with Stelmach, Tul and other entities in which Stelmach controls for years, including REM, LLC,

having obtained a judgment from the Los Angeles Superior Court in excess of $500,000 and now, with interest, the obligation approaches $700,000. Stelmach appealed, but last year (2016), the appellate court affirmed the trial court's findings and determination. As described more fully below, none of the judgment has been paid.

After judgment Goldberg procured Assignment Orders in the State Court in November and December of 2014. Those Orders required, among other things, that certain tenants of Tul pay their monthly rent to Goldberg rather than to Tul. All of the tenants were served a copy of the Order, but none complied.

First, Stelmach filed a prior chapter 11 case for Tul Investments (1:14-bk-15294-MT) in November 2014. That case remained pending while Tul unsuccessfully objected to Goldberg's claim and then twice attempted to file a disclosure statement that described an unfiled plan that would pay Goldberg substantially less than the full value of his claim, diluted or eliminated his ownership interest in Tul and increased Stelmach's position. After finding that a plan could not be confirmed over Goldberg's objection, this Court dismissed that case with a 180 day bar for refiling. Meanwhile, during the 18 months that the first Tul case was pending, Tul collected rents, did not fully account for those rents and certainly didn't turn over any of those rents to Goldberg.

Upon dismissal Goldberg was free to pursue its collection remedies. Stelmach, though, on behalf of Tul, himself and other entities, continually took steps to avoid paying the judgment. On the eve of the date of the tenants' compliance with the Orders, Tul filed the first bankruptcy proceeding and contended that the rents

were estate property and could not be attached. After the first Tul bankruptcy case was dismissed, Goldberg again sought to enforce his Assignment Orders compelling the tenants to pay him. He served all of the tenants with a letter accompanying the Assignment Orders requiring them to pay him the rents now that the bankruptcy case had been dismissed. All of the tenants failed to pay Goldberg rent based upon their advice by Stelmach's counsel, who are also his children, advising them that they did not have to obey the court order and that Stelmach would hold them harmless and indemnify them from any financial consequences resulting from their disobedience.

Again, the rent was not paid. Goldberg applied to the State Court for a finding of contempt against the tenants for willfully disobeying the turnover order. The Court made such a finding in detailed Findings and Orders requiring the tenants to pay the next month's rent, that due on July 1, 2016 to Goldberg's counsel, awarded $3,000 in attorney fees, $5,000 in penalties and an order potentially putting the tenants in jail if they continued to violate the order.

It should be noted, as set forth in the Findings and Order re Contempt that Stelmach again sought to evade responsibility respecting the Assignment Orders by claiming that Tul was not the owner of the subject property and therefore the contempt proceeding and Assignment Orders had no application. Stelmach then claimed that another entity that he controlled, the Stelmach Family Trust, was actually the owner of the Brentwood property and because it was not a judgment debtor, the Assignment Orders had no affect. Such a position was directly opposite the position that he took as the controlling member of Tul Investments, Inc. in its first chapter 11 proceeding wherein Tul

Case 1:16-bk-12869-MT    Doc 74    Filed 01/24/17    Entered 01/24/17 09:50:33    Desc
                        Main Document    Page 6 of 17

claimed that it had an equitable interest, if not a legal interest, in the Brentwood property and treated the rent collections as property of the estate.

Goldberg argued, and the State Court agreed, that Stelmach could not have it both ways. He could not claim in the Tul bankruptcy proceeding that Tul was the landlord and therefore its bankruptcy proceeding created a stay against Goldberg's attempt to collect the Brentwood rents and then, once the Tul bankruptcy was dismissed, to then claim that the Stelmach Family Trust was the owner and since it was not a party to the judgment, the Turnover Orders were of no affect. The Court found that Stelmach, Tul and the Stelmach Family Trust were estopped from making that argument because they presented conflicting positions in two different courts on the same issue.

The court made that determination on June 30, 2016.

When the tenants failed to pay Goldberg the rents due on July 1, 2016, Goldberg returned to State Court seeking a warrant of attachment, an arrest warrant so as to cause various police agencies to arrest the tenants and bring them before the Court to explain their position at the risk of serving jail time as called for by the Contempt Order.

On the eve of the hearing, REM, LLC, another judgment debtor, filed a chapter 11 proceeding (2:16-bk-18928-WB), claiming that **it**, as the property manager of the Brentwood property, was entitled to protect the rents as property of its estate.

The State Court initially determined that the claims of REM were of no moment inasmuch as REM had no financial interest in those rents as an owner, and at best had an interest in management fees only as

collected. Morever, both Goldberg and the Court found highly suspicious that the Contempt Order was entered on June 30, 2016 and the contract appointing REM was the property manager was dated July 1, 2016 and REM's bankruptcy was filed on July 5, 2016.

REM then attempted to remove the state court litigation, post judgment and post appeal, to the bankruptcy court, which remanded and granted relief from stay to Goldberg to pursue its collection remedies.

REM and the United States Trustee, with Goldberg's consent stipulated to dismiss the REM case and that case has now been dismissed.

Running out of avenues to keep Goldberg from collecting rents, the debtor waited for the 180 day refiling prohibition to run and then filed the instant case. The debtor is in no different position than it was when the initial case was dismissed. Unless it agrees to pay Goldberg his entire claim and allow Goldberg to retain his ownership interest, without a significant infusion of capital from Stelmach, he again cannot confirm a plan over Goldberg's objection. Wherein at the time of the filing of the first case Goldberg's claim was subject to an appeal, that appeal has now been resolved in Goldberg's favor and there is no colorable argument that his claim can be disallowed or impaired.

The Court held an initial Status Conference in this case on December 1, 2016. Based in part upon the existince of the prior case, The Court granted the debtor a limited time to file both a plan and disclosure statement, giving the debtor until January 20, 2017 to do so. The debtor failed to file either a plan or disclosure statement.

As such, Goldberg believes that dismissal of the case is the most appropriate remedy. The debtor had 18 months to propose and confirm a plan that offered equitable treatment to Goldberg's claim, and instead used the time to collect additional rents and perhaps improve the property, without paying Goldberg a dime. Stemlach's conduct should not be sanctioned for even another day.

## II.

### **CAUSE EXISTS TO DISMISS THE CASE**

11 U.S.C. Section 1112(b)(1) provides that "[e]xcept as provided in paragraph (2) and subjection c), on request of a party in interest, and after a notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unloess the court determines that the appointment, under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate". Further, section 1112(b)(4) defines cause, and among those things that constitute cause is (E) failure to comply with an order of the court and (J) failure to file a disclosure statement or to file or confirm a plan, within the time period fixed by this title, or by order of the court.

Here, based partly on the prior history of the case including the pendency in this court of the same case for 18 months without the filing of a confirmable plan, the court set January 20, 2017 as the date by which the debtor must file a plan and disclosure statement. The debtor failed to do so.

Further, to date, the debtor and Stelmach have failed to come to grips with the fact that any confirmable plan must pay Goldberg in

8

full and allow him to retain his ownership interest in the debtor, or must deprive Stelmach ownership under the absolute priority rule. To date, the debtor has been unwilling to allow and pay Mr. Goldberg and thus cannot confirm a plan. Goldberg desires to pursue his claims in state court, and desires that this case be dismissed with a permanent bar for refiling.

DATED: January 23, 2017

                                LAW OFFICES OF DAVID S. HAGEN

                                By:   /S/ DAVID S. HAGEN
                                    DAVID S. HAGEN, Attorney for
                                    Shlomo Goldberg

**DECLARATION OF LEON SMALL**

I, LEON SMALL, hereby declare and state as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and before this Court. I have represented Shlomo Goldberg at all stages of the litigation entitled Shlomo Goldberg v. Yuval Stelmach, et al pending in the Los Angeles County Superior Court as case number LC 075563. I have personal knowledge of the facts set forth herein.

2. Creditor Shlomo Goldberg is the father in law of Yuval Stelmach, the managing member of the Debtor. Goldberg, who resides in Israel, divorced Yuval's wife's mother in a contentious divorce proceeding. The mother has since passed away. Both Goldberg and his ex-wife are shareholders of the Debtor, each owning a 7.5% interest. The debtor is alleged to "manage" certain investment properties, mostly consisting of one multiple unit commercial building in Brentwood, California commonly known as 101-107 Barrington Way, Brentwood, CA 90049 ("Brentwood Property") for which title is held by an entity known as The Stelmach Family Trust ("Trust"), and to which tenants pay rent to the Trust and/or the Debtor. The debtor, through its principal Stelmach, maintains that the debtor has some "equitable interest" in the property because at one time it held title and transferred that title to the Trust. At his Rule 2004 Exam in the prior chapter 11, Stelmach could not estimate the debtor's "equitable interest" value in the Brentwood property and indicated that since the filing of the chapter 11 he had not sought to obtain an appraisal nor to seek to sell the property. The tenants of the property maintain leases with the Trust, not Tul Investments, and pay their rent to the

Trust, not to Tul Investments. From time to time the Trust transfers money into the Debtor's DIP account. Stelmach takes a percentage for himself, and pays some other bills from the remainder.

3. Goldberg has been litigating with Stelmach, Tul and other entities in which Stelmach controls for years, including REM, LLC, having obtained a judgment from the Los Angeles Superior Court in excess of $500,000 and now, with interest, the obligation approaches $700,000. Stelmach appealed, but earlier this year, the appellate court affirmed the trial court's findings and determination. As described more fully below, none of the judgment has been paid.

4. After judgment Goldberg procured Assignment Orders in the State Court in November and December of 2014. Those Orders required, among other things, that certain tenants of Tul pay their monthly rent to Goldberg rather than to Tul. All of the tenants were served a copy of the Order, but none complied.

5. First, Stelmach filed a prior chapter 11 case for Tul Investments (1:14-bk-15294-MT) in November 2014. That case remained pending while Tul unsuccessfully objected to Goldberg's claim and then twice attempted to file a plan that paid Goldberg substantially less than the full value of his claim, diluted or eliminated his ownership interest in Tul and increased Stelmach's position. After finding that a plan could not be confirmed over Goldberg's objection, this Court dismissed that case with a 180 day bar for refiling. Meanwhile, during the 18 months that the first Tul case was pending, Tul collected rents, did not fully account for those rents and certainly didn't turn over any of those rents to Goldberg.

6. Upon dismissal of the first Tul case Goldberg was free to

11

pursue its collection remedies. Stelmach, though, on behalf of Tul, himself and other entities, has continually taken steps to avoid paying the judgment. On the eve of the date of the tenants' compliance with the Orders, Tul filed the first bankruptcy proceeding and contended that the rents were estate property and could not be attached. After the first Tul bankruptcy case was dismissed, Goldberg again sought to enforce his Assignment Orders compelling the tenants to pay him. He served all of the tenants with a letter accompanying the Assignment Orders requiring them to pay him the rents now that the bankruptcy case had been dismissed. All of the tenants failed to pay Goldberg rent based upon their advice by Stelmach's counsel, who are also his children, advising them that they did not have to obey the court order and that Stelmach would hold them harmless and indemnify them from any financial consequences resulting from their disobedience.

Again, the rent was not paid. Goldberg applied to the State Court for a finding of contempt against the tenants for willfully disobeying the turnover order. The Court made such a finding in detailed Findings and Orders requiring the tenants to pay the next month's rent, that due on July 1, 2016 to Goldberg's counsel, awarded $3,000 in attorney fees, $5,000 in penalties and an order potentially putting the tenants in jail if they continued to violate the order.

7. It should be noted, as set forth in the Findings and Order re Contempt that Stelmach again sought to evade responsibility respecting the Assignment Orders by claiming that Tul was not the owner of the subject property and therefore the contempt proceeding and Assignment Orders had no application. Stelmach then claimed that

12

another entity that he controlled, the Stelmach Family Trust, was actually the owner of the Brentwood property and because it was not a judgment debtor, the Assignment Orders had no affect. Such a position was directly opposite the position that he took as the controlling member of Tul Investments, Inc. in its first chapter 11 proceeding wherein Tul claimed that it had an equitable interest, if not a legal interest, in the Brentwood property and treated the rent collections as property of the estate.

8. Goldberg argued, and the State Court agreed, that Stelmach could not have it both ways. He could not claim in the Tul bankruptcy proceeding that Tul was the landlord and therefore its bankruptcy proceeding created a stay against Goldberg's attempt to collect the Brentwood rents and then, once the Tul bankruptcy was dismissed, to then claim that the Stelmach Family Trust was the owner and since it was not a party to the judgment, the Turnover Orders were of no affect. The Court found that Stelmach, Tul and the Stelmach Family Trust were estopped from making that argument because they presented conflicting positions in two different courts on the same issue.

9. The court made that determination on June 30, 2016.

10. When the tenants failed to pay Goldberg the rents due on July 1, 2016, Goldberg returned to State Court seeking a warrant of attachment, an arrest warrant so as to cause various police agencies to arrest the tenants and bring them before the Court to explain their position at the risk of serving jail time as called for by the Contempt Order.

11. On the eve of the hearing, REM, LLC, another judgment debtor, filed a chapter 11 proceeding (2:16-bk-18928-WB), claiming

13

that **it**, as the property manager of the Brentwood property, was entitled to protect the rents as property of its estate.

12. The State Court initially determined that the claims of REM were of no moment inasmuch as REM had no financial interest in those rents as an owner, and at best had an interest in management fees only as collected. Morever, both Goldberg and the Court found highly suspicious that the Contempt Order was entered on June 30, 2016 and the contract appointing REM was the property manager was dated July 1, 2016 and REM's bankruptcy was filed on July 5, 2016.

13. REM then attempted to remove the state court litigation, post judgment and post appeal, to the bankruptcy court, which remanded and granted relief from stay to Goldberg to pursue its collection remedies.

14. REM and the United States Trustee have agreed that the REM case should be dismissed and have lodged a stipulation to that effect.

15. Running out of avenues to keep Goldberg from collecting rents, the debtor waited for the 180 day refiling prohibition to run and then filed the instant case. The debtor is in no different position than it was when the initial case was dismissed. Unless it agrees to pay Goldberg his entire claim and allow Goldberg to retain his ownership interest, without a significant infusion of capital from Stelmach, he again cannot confirm a plan over Goldberg's objection. Wherein at the time of the filing of the first case Goldberg's claim was subject to an appeal, that appeal has now been resolved in Goldberg's favor and there is no colorable argument that his claim can be disallowed or impaired. As such, Goldberg believes that dismissal of the case is the most appropriate remedy. The debtor had 18 months

to propose and confirm a plan that offered equitable treatment to Goldberg's claim, and instead used the time to collect additional rents and perhaps improve the property, without paying Goldberg a dime. Stemlach's conduct should not be sanctioned for even another day.

16. As further proof of Stelmach's continuing bad faith, he, on behalf of the debtor, failed to file a plan and disclosure statement by the court imposed deadline of January 20, 2017.

I declare under penalty of perjury that the foregoing statements are true and correct, and I could, if called upon, competently testify thereto.

DATED: January 22, 2016

*/s/ Leon Small*
LEON SMALL

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16830 Ventura Blvd., Suite 500, Encino, CA 91436-1795

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 11 CASE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/24/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Matthew Abbasi (Attorney for DIP):    matthew@malawgroup.com
Katherine Bunker (UST-WH):    kate.bunker@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/24/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Maureen Tighe, United States Bankruptcy Court, 21041 Burbank Blvd., Woodland Hills, CA 91367
Tul Investments, Inc., 17340 Magnolia Blvd., Encino, CA 91316

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/24/2017 | DAVID S. HAGEN | /S/ DAVID S. HAGEN |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

```
Label Matrix for local noticing      Tui Investments, Inc.              United States Trustee (SV)
0973-1                                17340 Magnolia Blvd.               915 Wilshire Blvd, Suite 1850
Case 1:16-bk-12869-MT                 Encino, CA 91316-2541              Los Angeles, CA 90017-3560
Central District of California
San Fernando Valley
Mon Jan 23 21:09:31 PST 2017

San Fernando Valley Division          East West Bank                    FRANCHISE TAX BOARD
21041 Burbank Blvd,                   PO Box 60020                      BANKRUPTCY SECTION MS A340
Woodland Hills, CA 91367-6606         City of Industry, CA 91716-0020   PO BOX 2952
                                                                        SACRAMENTO CA 95812-2952


Franchise Tax Board                   Gil's Electrical Service Inc.     (p)INTERNAL REVENUE SERVICE
P.O. Box 942867                       11024 Balboa Blvd. Suite #27S     CENTRALIZED INSOLVENCY OPERATIONS
Sacramento, CA 94267-0001             Granada Hills, CA 91344-5007      PO BOX 7346
                                                                        PHILADELPHIA PA 19101-7346


Pacific Builders                      Shlomo Goldberg                   Tally Stelmach
C/O Rafi Sharon                       C/O Leon Small, Esq.              17340 Magnolia Blvd
5737 Kanan Rd. #480                   16530 Ventura Blvd.               Encino, CA 91316-2541
Agoura Hills, CA 91301-1601           Suite 306
                                      Encino, CA 91436-4595


Yuval & Tally Stelmach                Matthew Abbasi
17340 Magnolia Blvd.                  ABBASI LAW CORPORATION
Encino, CA 91316-2541                 8889 West Olympic Blvd.
                                      Suite 240
                                      Beverly Hills, CA 90211-3628
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service
300 North Los Angeles Street
MS 2300
Los Angeles, CA 90012
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)ABMS Limited Liability Company     (u)Courtesy NEF                   (u)REM, LLC



(d)Shlomo Goldberg                    (u)Shlomo Goldberg                End of Label Matrix
C/O Leon Small, Esq.                                                    Mailable recipients    13
16530 Ventura Blvd. Suite 306                                           Bypassed recipients     5
Encino, CA 91436-4595                                                   Total                  18
```