**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Jennifer L. Braun, Bar No. 130932
Assistant United States Trustee
Katherine C. Bunker, Bar No. 240593
Trial Attorney
**UNITED STATES TRUSTEE**
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
Telephone: (213) 894-3326
Facsimile: (213) 894-0276
E-mail: jennifer.l.braun@usdoj.gov
              kate.bunker@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>**TUL INVESTMENTS, INC.,**<br><br>                      Debtor. | Case No. 1:16-bk-12869-MT<br><br>Chapter 11<br><br>**U.S. TRUSTEE'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN WITH SUPPORTING DECLARATIONS**<br><br>Date: April 5, 2017<br>Time: 9:30 a.m.<br>Ctrm: 302 |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, AND OTHER PARTIES IN INTEREST:

The United States Trustee ("U.S. Trustee") has reviewed the Debtor's Disclosure Statement Describing Chapter 11 Plan with Supporting Declarations (the "Disclosure Statement") and raises the following objections to approval of the Disclosure Statement. Section 1125[1] of the Bankruptcy Code prohibits the solicitation of acceptances or rejections of a plan from the holder of a claim or interest unless a written disclosure statement, which the court has found to contain adequate information, has first been transmitted to such holder. "Adequate information" is defined as:

---

[1] Unless other indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §101-1532, and the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001-9037.

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

The phrasing of this section indicates that a finding of "adequate information" will be made on a case-by-case basis. No set of guidelines, therefore, could hope to be exclusive or exhaustive. However, there has developed some consensus around a "core" set of factors to be considered in most cases. The leading case setting forth these factors is *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984). The *Metrocraft* court found that factors relevant to evaluating the adequacy of a disclosure "may include" the following:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Metrocraft*, supra, 39 B.R. at 568.

1. <u>Feasibility</u>

The Disclosure Statement lists the Debtor's assets as follows:

- 50% ownership in Golden West Real Estate, LLC ("GW");

- 50% ownership in Tul Anthony LTD ("Tul Anthony"); and

- 100% equitable ownership in real property located at 101-107 Barrignton Way, Brentwood, California (the "Brentwood Property").

Disclosure Statement at 5. GW and Tul Anthony in turn own the following commercial real properties:

2

- GW owns 100% of a commercial building located at 1880 S. Western Ave., Los Angeles, CA (the "Western Property");

- Tul Anthony owns 14% of Balboa Plaza, LLC ("BP"), which owns a commercial property located at 17050 Chatsworth Street, Grenada Hills, CA (the "Chatsworth Property"); and

- Tul Anthony owns 100% of Tul Reseda, LP ("Tul Reseda"), which owns a commercial property located at 7126 Reseda Blvd., Reseda, CA (the "Reseda Property").

*Id.* The Disclosure Statement states that the plan will be funded by the Debtor's business operation which has net monthly income of $20,000, funds currently held in its debtor-in-possession account, and $250,000 that the Debtor anticipates receiving from the dissolution of GW or from a line of credit to which the Debtor has access. *Id.* at 6 & 20-21.

To support feasibility, the Debtor has filed a Declaration of Yuval Stelmach ("Declaration") which attaches 2015 and 2016 rent-rolls and income/expense reports for the Brentwood Property, the Chatsworth Property, and the Reseda Property. Declaration, Exhibit H. The Declaration also attaches a bank statement for a $250,000 line of credit with Bank of the West that is in the name of Rea Stelmach. *Id.*, Exhibit N.

The financial information in Exhibit H to the Declaration is insufficient to establish feasibility. The Debtor is relying on income from three commercial real properties in which it holds indirect ownership interests. Exhibit H attaches income and expense information for the Brentwood Property, Chatsworth Property, and Reseda Property, and lists that in 2016, the Brentwood Property, Chatsworth Property, and Reseda Property, respectively, had net profits of $36,338.90, $7,788.95, and $35,968.16. While this information is helpful in understanding the profitability of these properties, it fails to provide any information concerning what the Debtor receives from its equitable ownership interest in the Brentwood Property and its ownership interest in GW and Tul Anthony. The Disclosure Statement needs to be amended to include financial information that details the income that the Debtor has been receiving during the pendency of the bankruptcy case from its ownership interest in GW and Tul Anthony and equitable interest in the Brentwood Property, and to include future income projections based on that financial information.

3

Moreover, there has been limited information provided about the dissolution of GW. The Disclosure Statement states that on or around November 7, 2016, the Debtor filed a dissolution action entitled *Tul Investments, Inc. v. ABMS, LLC*, case no. BC636609, in which the Debtor is pursuing an involuntary dissolution of GW. Disclosure Statement at 12. There has been no information provided concerning how long this proceeding will take, and what will need to occur after dissolution, if anything, for the Debtor to obtain the $250,000. Accordingly, additional information should be provided about the status of the dissolution proceeding and what will need to occur after that action is completed for the Debtor to obtain $250,000.

The Disclosure Statement also should be amended to include a declaration from Rea Stelmach about her willingness to draw upon her $250,000 line of credit with Bank of the West. Presently, the Disclosure Statement is silent as to Ms. Stelmach's willingness to draw down on her line of credit, how repayment of any amount drawn down will be made, and if there are any restrictions concerning her funding the Debtor's proposed plan with the credit line.

Without the additional information discussed above, a hypothetical creditor is unable to evaluate whether the Debtor will have sufficient income to make the initial down payment for each impaired claim on the effective date and the proposed monthly payments of $20,000.

2. <u>Treatment of Claims</u>

    a. **Tax Claims**

The Disclosure Statement states that the Debtor has no priority tax claims. The claims register for the case, however, lists that on December 28, 2016, the Franchise Tax Board filed a proof of claim for priority taxes owing for 2016. The Disclosure Statement needs to be amended to discuss the treatment of this claim.

    b. **East West Bank Claim**

It also is unclear how the Debtor owes any liability to East West Bank ("EWB") and why it should be making payments to it, especially when the Debtor's other creditors are not being paid in full under the plan. EWB has not filed a proof of claim and there is nothing attached to the Disclosure Statement or Declaration to evidence that the Debtor borrowed any monies from EWB. Rather, the documents attached to the Declaration show that the Debtor's insiders, Yuval

4

and Taly Stelmach, are liable to EWB and that they borrowed monies to pay off a loan secured by the Reseda property owned Tul Reseda. The fact that the Debtor has an indirect interest in the property that Tul Reseda owns through its 50% interest in Tul Anthony, does not cause the Debtor to be liable to EWB on a loan to which it was not a party. Moreover, even if the Debtor were somehow liable to EWB for the loan, the Debtor owns only 50% of Tul Anthony which owns 100% of Tul Reseda and the Reseda Property. Why should the Debtor be completely liable when there is another 50% owner of Tul Reseda, who benefitted from the payoff of the loan on the Reseda Property?

In addition, the two checks attached as Exhibit E and F to the Declaration do not show that any lender/borrower relationship was created between EWB and the Debtor. Rather, these checks appear to show that the Stelmachs loaned the Debtor monies from their EWB account. Thus, any liability would be owed to the Stelmachs and not EWB.

The Disclosure Statement needs to be amended to explain why Debtor should be liable to EWB on a loan it did not take, that was used to pay off a note on a piece of real property the Debtor did not own, and why the other 50% owner of Tul Anthony should not also be liable. Without more information, it appears that the Stelmachs are the ones benefitting from the Debtor paying EWB and not the Debtor or true creditors of the estate.

3. <u>New Loan Agreement with EWB</u>

The Disclosure Statement states that as part of the plan, the Debtor seeks Court approval to enter into a new loan agreement with EWB to become a direct obligor for the line of credit anticipated to be used by the Debtor. Disclosure Statement at 22. The Disclosure Statement does not attach a copy of the proposed loan agreement nor provides even the basic terms of the agreement. A hypothetical creditor should be provided this information so it can determine if the terms of the loan are fair and reasonable and whether the Debtor entering into this loan is in the best interests of the estate.

/ / / /

/ / / /

/ / / /

5

1 | For all of the reasons discussed above, the U.S. Trustee requests that the Court deny approval of the Disclosure Statement.

Dated: March 9, 2017

UNITED STATES TRUSTEE

By: /s/ *Katherine C. Bunker*
    Katherine C. Bunker
    Attorney for the U.S. Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **U.S. TRUSTEE'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN WITH SUPPORTING DECLARATIONS,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/10/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **3/10/2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/10/2017 | Veronica M. Hernandez | /s/ Veronica M. Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE LIST FOR PROOF OF SERVICE**

| | |
|---|---|
| **SERVED ELECTRONICALLY** | **SERVED BY U.S. MAIL** |
| Katherine Bunker   kate.bunker@usdoj.gov | Tul Investments, Inc. |
| Matthew Abbasi   matthew@malawgroup.com | 17340 Magnolia Blvd. |
| David S Hagen   go4broq@earthlink.net | Encino, CA 91316 |
| Ronald N Richards   ron@ronaldrichards.com, nick@ronaldrichards.com | U.S. Bankruptcy Court—San Fernando Valley Division |
| Alla Tenina   alla@teninalaw.com, Monique@teninalaw.com | The Honorable Maureen Tighe |
| | 21041 Burbank Boulevard |
| | Woodland Hills, California 91367 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28