**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Jennifer L. Braun, Bar No. 130932
Assistant United States Trustee
Katherine C. Bunker, Bar No. 240593
Trial Attorney
**UNITED STATES TRUSTEE**
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
Telephone: (213) 894-3326
Facsimile: (213) 894-0276
E-mail: jennifer.l.braun@usdoj.gov
       kate.bunker@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>**TUL INVESTMENTS, INC.,**<br><br>                      Debtor. | Case No. 1:16-bk-12869-MT<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO THE FINAL APPLICATION OF ABASSI LAW CORPORATION FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES; DECLARATION OF KATHERINE C. BUNKER IN SUPPORT THEREOF**<br><br>Date: May 3, 2017<br>Time: 9:30 a.m.<br>Ctrm: 302 |

TO THE HONORABLE MAUREEN TIGHE, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND OTHER PARTIES IN INTEREST:

The United States Trustee ("U.S. Trustee") has reviewed the Final Application of Abbasi Law Corporation for Approval of Fees and Reimbursement of Expenses (the "Application") and has the following objections.

A.  <u>Failure to Comply With Local Bankruptcy Rule 2016-1(a) By Not Using the Appropriate Billing Increments Warrants a Reduction of the Requested Fees</u>

Federal Rule of Bankruptcy Procedure 2016 provides, "An entity seeking interim or final compensation for services . . . from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). For a fee application, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In awarding compensation under § 330, "a court should only award fees to the level that has been proven to be actual, necessary and reasonable. Any lesser requirement would make the applicant's burden of proof a mere shell." *In re Roderick Timber Co.*, 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995).

The Bankruptcy Court for the Central District of California has adopted Local Bankruptcy Rule ("LBR") 2016-1, which describes the minimum details that a fee application must contain to be reviewable and to meet the requirements of Rule 2016(a). Specifically, LBR 2016-1(a)(1)(E) states:

(E)  Unless employment has been approved on a fixed fee, percentage fee, or contingent fee basis, the application must contain a detailed listing of all time spent by the professional on matters for which compensation is sought, including the following:

(i)  <u>Date Service was Rendered</u>;

(ii)  <u>Description of Service</u>. If is not sufficient to merely state "Research," "Telephone Call," "Court Appearance," *etc*. Applicant must refer to the particular person, motion, discrete task performed, and other matters related to such service. A summary that lists a number of services under only 1 time period is not satisfactory;

(iii)  <u>Amount of Time Spent</u>. A summary is not adequate. **Time spent must be accounts for in tenths of an hour and broken down in detail by the specific task performed.** Lumping of services is not satisfactory; and

(iv)  <u>Identification of Person who Rendered Service</u>. If more than 1 person's services are included in the application, applicant must identify the person who performed each item of service.

2

(emphasis added).

Moreover, bankruptcy courts have consistently held that the use of billing increments greater than tenths of an hour inherently inflates and distorts the time actually expended by the professional.  S*ee In re Santos*, No. 11-16468-B-11, 2012 Bankr. LEXIS 6151, at *11-12 (Bankr. E.D. Cal. Mar. 8, 2012) ("use of 0.5-hour increments hinders the court's ability to determine the actual time expended since such a large time increment may represent an inaccurate, overinflated estimation of time"); *In re Voechting*, No. 03-00164, 2003 Bankr. LEXIS 2272, at *7-9 (Bankr. D. Idaho Nov. 20, 2003) ("The use of quarter-hour increments increases the risk that the professional's time records will be inappropriately inflated at the bankruptcy estate's expense."); *In re Computer Learning Ctrs., Inc.*, 285 B.R. 191, 218 (Bankr. E.D. Va. 2002) ("A quarter-hour unit generally overstates the actual time expended in a bankruptcy case."); *In re Price*, 143 B.R. 190, 194-95 (Bankr. N.D. Ill. 1992) (finding that billing in one-quarter hour increments "inherently inflates and distorts the time actually expended, and hence is unacceptable"); *In re Stoecker*, 114 B.R. 965, 976 (Bankr. N.D. Ill. 1990) (billing in .25 hour increments potentially inflates the charges to the estate).

Here, the time entries attached as Exhibit A to the Application show that Abbasi Law Corporation ("ALC") has billed the Debtor in quarter-hour increments, or 15 minutes, with time entries ranging from 0.50 to 5.00.  Accordingly, the Application fails to comply with LBR 2016-1(a)(1)(E)(iii).  In addition, for the reasons expressed by the courts, the use of quarter-hour increments risks the inappropriate inflation of ALC's time records at the bankruptcy estate's expense.  Therefore, based on the Firm's use of quarter-hour increments, the U.S. Trustee believes that the Firm has failed to meet its burden of establishing that it is entitled to the requested fee award.  The U.S. Trustee therefore requests that the Court apply at least a 15% reduction to all compensable services.[1]

---

[1] On May 1, 2014, in the case of Rainbow Investments, LLC (case no. 1:13-bk-16708-MT), the U.S. Trustee brought a similar fee objection against Abbasi & Associates, P.C., Mr. Abbasi's former law firm.  Declaration of Katherine C. Bunker ¶2.  In that objection, the U.S. Trustee requested a reduction in the fees being sought based on the firm's failure to comply with Local Bankruptcy Rule 2016-1 by not using the appropriate billing increments. *Id.*  Accordingly, Mr.

3

B. <u>Fees for Clerical Services Should Not Be Allowed</u>

When "the services provided by the paraprofessional represent a shift of tasks ordinary performed by a lawyer or other professional, and the service is reasonable and necessary, the service is compensable." *In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 489 (Bankr. D. Utah 1991).

> However, if clerical or other secretarial work is assigned to the professional, then the work is charged to overhead and cannot be separately charged to the client. The same is, of course, true if clerical tasks are performed by an attorney or other professional. Work which is clerical in nature does not become compensable legal work because it is performed by an attorney, a paralegal, or other professional.

*In re Brooks*, No. 08-72073, 2010 Bankr. LEXIS 1417, at *10 (Bankr. C.D. Ill. May 24, 2010). Fees for services that are purely clerical, ministerial, or administrative should be disallowed. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

The burden of establishing whether clerical services are compensable falls on the applicant seeking approval of its fees. *In re Bennett Funding Group, Inc.*, 213 B.R. 234, 248 (Bankr. N.D.N.Y. 1997). Clerical services include tasks such as mailing or delivering papers; photocopying; word processing, including but not limited to creating templates, formatting, creating spreadsheets, scanning and saving files into the firm's computer system, creating and revising charts, and printing documents; organizing files; maintaining an internal calendar; checking for docket updates; updating a master service list; and pulling precedent pleadings requested by an attorney. *In re Fibermark, Inc.*, 349 B.R. 385, 396-97 (Bankr. D. Vt. 2006).

Here, the Application is requesting reimbursement for services performed that are clerical in nature. Specifically, the following services listed in the Application are clerical in nature and should not be allowed:

| Date | Description | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| 10/20/2016 | Paralegal<br>Prepare binders, templates, summaries, and other case organization to assist with the handling of case. | 3.00 | $50.00 | $150.00 |

---

Abbasi was well aware of the Local Bankruptcy Rule as of the date he was employed in this case.

4

| 12/5/2016 | Paralegal<br>Matrices and excel sheets to assist with handling of the case. | 3.00 | $50.00 | $150.00 |

Accordingly, the U.S. Trustee requests that the $300.00 relating to these clerical services be disallowed.

In light of the issues raised above concerning the Application, the U.S. Trustee requests that the Court make the following adjustments to the fees and costs being requested in the Application:

1. Disallow $300.00 of the fees requested that relate to clerical services; and

2. Reduce the remaining amount of fees being requested by at least an additional 15% ($3,670.00)[2].

Dated: April 13, 2017            UNITED STATES TRUSTEE

By: _/s/ Katherine C. Bunker_
    Katherine C. Bunker
    Trial Attorney

---

[2] The U.S. Trustee arrived at this figure by subtracting the $300.00 from the $24,464.50 in fees accrued during the covered period and then multiplying that figure by 15%.

## DECLARATION OF KATHERINE C. BUNKER

I, Katherine C. Bunker, declare,

1.  I am an individual above the age of eighteen years of age and am a Trial Attorney with the Woodland Hills, California office of the United States Trustee ("U.S. Trustee"). I have personal knowledge of all the facts set forth in this Declaration, and I could and would competently testify thereto if so called as a witness.

2.  On May 1, 2014, in the case of Rainbow Investments, LLC (case no. 1:13-bk-16708-MT), I filed on behalf of the U.S. Trustee an objection to the pending fee application of Abbasi & Associates, P.C., Mr. Abbasi's former law firm. In that objection, the U.S. Trustee requested a reduction in the fees being sought, based on the firm's failure to comply with Local Bankruptcy Rule 2016-1 by not using the appropriate billing increments.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on April 13, 2017, in Los Angeles, California.

By: */s/ Katherine C. Bunker*
Katherine C. Bunker
Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S OBJECTION TO THE FINAL APPLICATION OF ABASSI LAW CORPORATION FOR APPROVAL OF FEES AND REIMBURSEMENT OF EXPENSES; DECLARATION OF KATHERINE C. BUNKER IN SUPPORT THEREOF,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **4/13/2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **4/13/2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/13/2017 | Veronica M. Hernandez | /s/ Veronica M. Hernandez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## SERVICE LIST FOR PROOF OF SERVICE

**SERVED ELECTRONICALLY**
Matthew Abbasi    matthew@malawgroup.com
Katherine Bunker    kate.bunker@usdoj.gov
David S Hagen    go4broq@earthlink.net
M Jonathan Hayes    jhayes@srhlawfirm.com, roksana@srhlawfirm.com;matthew@srhlawfirm.com;rosarioz@srhlawfirm.com;jfisher@srhlawfirm.com;maria@srhlawfirm.com;jhayesecf@gmail.com
Ronald N Richards    ron@ronaldrichards.com, nick@ronaldrichards.com
Nathan F Smith    nathan@mclaw.org, CACD_ECF@mclaw.org
Alla Tenina    alla@teninalaw.com, Monique@teninalaw.com

**SERVED BY U.S. MAIL**
Tul Investments, Inc.
17340 Magnolia Blvd.
Encino, CA 91316

U.S. Bankruptcy Court—San Fernando Valley Division
The Honorable Maureen Tighe
21041 Burbank Boulevard
Woodland Hills, California 91367